# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD F. BOLIAUX, | ) | Appeal from the United States |
| | ) | Bankruptcy Court for the Northern |
| | ) | District of Illinois, Eastern Division |
| Defendant-Appellant, | ) | |
| | ) | |
| v. | ) | Bankr. Nos. 09 B 01196 and 09 B 12896 |
| | ) | Adversary Proceeding No. 09-01215 |
| AUTOMOTIVE FINANCE CORP. | ) | Bankruptcy Judge Bruce W. Black |
| and | ) | |
| MANHEIM AUTOMOTIVE | ) | |
| FINACIAL SERVICES, INC., | ) | Dist. Ct. Nos. 10 C 7696, 10 C 7729, |
| | ) | and 10 C 8096 |
| Plaintiff-Appellee. | ) | District Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER ON APPEAL**

Appellant Edward Boliaux filed three appeals from final orders of the bankruptcy court. The appeals are related, and after discussion on the record with the parties, the Court consolidated the appeals for the purpose of disposition in a single Order. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). In considering a bankruptcy appeal, the Court reviews factual findings for clear error, while conclusions of law are reviewed *de novo*. See *In re Midway Airlines*, 383 F.3d 663, 668 (7th Cir. 2003); *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000). As explained below, finding no error of fact or law in the decision of the bankruptcy court, this Court affirms the bankruptcy court's final orders and judgment.

**I.     Background**

The following facts are undisputed or have been deemed admitted pursuant to Bankruptcy Local Rule 7056-2(b).[1] Debtor and Defendant-Appellant Edward Boliaux owned and operated EMC Automotive, Inc. ("EMC"), a motor vehicle dealership in Joliet, Illinois.

---

[1] Boliaux did not file a response to AFC and MAFS's statement of facts and therefore all of the facts are deemed admitted under Local Rule 7056-2(b). See *Davis v. Illinois State Police Fed. Credit Union (In re Davis)*, 244 B.R. 776, 782 (Bankr. N.D. Ill. 2000).

1

Boliaux obtained financing from Automotive Finance Corporation ("AFC") and Manheim Automotive Financial Services, Inc. ("MAFS") for the acquisition of motor vehicles and retail installment sales contracts in the name of EMC. The parties executed security agreements in which Boliaux guaranteed full and prompt payment on all obligations and agreed to grant a security interest in its motor vehicles, customer accounts, and other collateral to both AFC and MAFS.

In July 2008, Boliaux stopped making payments to AFC. AFC's audit of EMC revealed missing vehicle inventory. AFC also discovered that Boliaux duplicated titles to several vehicles through fraudulent documentation submissions to the Illinois Secretary of State, allowing him to obtain financing from multiple lenders on the same vehicles. AFC filed actions against EMC and Boliaux in the Circuit Court of Will County. After the circuit court entered an order of replevin, AFC recovered most of EMC's vehicle inventory, effectively shutting down EMC's operations. EMC's other creditors, including MAFS, joined the lawsuit shortly thereafter. The state court entered a final judgment in favor of AFC and MAFS finding EMC and Boliaux liable for breach of contract.[2]

On April 10, 2009, not long after the state court entered judgment against him, Boliaux filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. In connection with the bankruptcy proceeding, he submitted Schedules and a Statement of Financial Affairs under penalty of perjury. In his Schedules, Boliaux represented that he had assets valued at $1,653,700.00 and liabilities valued at $3,293,542.85. But the Schedules do not show significant assets and income that Boliaux reported to AFC and MAFS as late as September 2007, including a $200,000 bonus, $145,000 in rental income, and $147,000 in personal property. When Boliaux

---

[2] The court entered a judgment in favor of AFC for $647,486.98 plus attorneys' fees and costs and a judgment of $410,019.88 in favor of MAFS.

was presented with the contradictions between his personal financial statements and his bankruptcy schedules, he exercised his Fifth Amendment right to remain silent. Boliaux later filed an amended statement of financial affairs in which he claimed to have an interest in certain additional properties that were repossessed or foreclosed in April of 2008. But when AFC and MSAF forwarded proof that Boliaux remained in legal title to at least one of the properties listed in the financial statement as of February 2010, and thus the statements still contained false information, Boliaux again took the Fifth. Cindy Boliaux, Edward's former wife, also testified that she transferred $70,000 of secured creditors' collateral in cash to Boliaux during the bankruptcy proceeding.

The discrepancies do not stop there. In connection with a proposed motion to reaffirm his debt to ACB Bank, Boliaux represented in his "Statement In Support of Reaffirmation Agreement" that his actual monthly expenses—including monthly payments on post-bankruptcy debt and other reaffirmation agreements—were $3,780.00. But in Schedule J, Boliaux represented that his monthly expenses were $5,630.00. Furthermore, in Schedule I, Boliaux represented that he had no income from rental property. But a commercial lease dated September 11, 2008 for the property that was the subject of the Reaffirmation Motion shows that he received more than $600 a month in rent. Schedule I also fails to reflect that Boliaux has been, and continues to be, paid by Joliet Motors, Inc.[3]

Boliaux also testified that he had no records related to his dealership, but submitted sworn complaints and other documents to the Illinois Secretary of State reflecting detailed information about EMC customers, vehicles, and payment. Ultimately, Boliaux refused to

---

[3] Joliet Motors took over EMC's business during the state court litigation. Cindy Boliaux is the president. Joliet Motors collects the accounts receivable of EMC. Neither EMC, Joliet Motors, nor Boliaux has forwarded any money to AFC and MAFS.

3

answer any questions relating to discrepancies in the Schedules or his finances on the grounds that his answers might incriminate him.

In November 2009, both AFC and MAFS filed adversary complaints seeking a determination that Boliaux's debt is not dischargeable pursuant to 11 U.S.C. § 523 and that Boliaux is not entitled to a discharge pursuant to 11 U.S.C. § 727. Boliaux answered both complaints and then filed counterclaims against both parties. With regard to AFC, Boliaux alleged unjust enrichment and intentional interference with contract and/or business relations. And against MAFS he alleged unjust enrichment, breach of contract, intentional interference with contract and/or business relations, breach of duty of good faith and fair dealing, and conversion. AMC and MAFS moved for summary judgment on Boliaux's counterclaims. The bankruptcy court (1) granted AFC's and MAFS's motions for summary judgment on Boliaux's counterclaims, (2) granted AFC's and MAFS's motions for summary judgment on their adversary complaints, and (3) entered judgment denying Boliaux a discharge. Boliaux now appeals.

**II.     Analysis**

As an initial matter, the Court notes that Boliaux failed to comply with numerous rules as required by Bankruptcy Rule 8010. But because Boliaux filed his brief *pro se*, the Court will attempt to decipher his brief to the best of its ability and address his arguments. On appeal, Boliaux asks the Court to overturn the bankruptcy court's decisions (1) granting AFC and MAFS's motions for summary judgment on his counterclaims and (2) denying Boliaux a discharge under § 727.

A.   The Counterclaim Orders

Boliaux's brief lacks any argument in regard to how he believes the bankruptcy court erred in granting AFC's and MAFS's summary judgment motions on Boliaux's counterclaims. Thus, Boliaux waived all arguments related to his appeal of the counterclaims. See *Nelson v. La Crosse County Dist. Atty.*, 301 F.3d 820, 836 (7th Cir. 2002) (noting that it is "well settled that issues raised for the first time in a reply brief are deemed waived"); *In re Vargas Realty Enter., Inc.*, 440 B.R. 224, 242 (S.D.N.Y 2010) (finding that appellant waived claim by only mentioning it in the Statement of Issues and failing to provide proper argument or citation to the record on appeal in his brief).

The Court notes, however, that even if Boliaux had raised an argument in his brief, the bankruptcy court correctly granted AFC's and MAFS's motions. The bankruptcy court held that Boliaux's counterclaim is barred by the doctrine of *res judicata* in light of the prior state court litigation in which AFC and MAFS prevailed over Boliaux on breach of contract claims. The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Moreover, *res judicata* bars all claims based on facts that would have constituted a counterclaim or defense in the earlier proceeding where "successful prosecution of the later action would nullify the initial judgment or impair rights established in the earlier action. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1232 (7th Cir. 1986) (citation omitted).

Here, AFC and MAFS are merely trying to enforce the state court's final judgment against Boliaux. Boliaux now seeks to assert claims against AFC and MAFS that he chose not to raise in the state court litigation. This is exactly the type of litigation shenanigans that *res*

*judicata* prohibits. Accordingly, the bankruptcy judge correctly granted AFC's and MAFS's motions for summary judgment as to Boliaux's counterclaims.

### B. Section 727 Discharge

The bankruptcy judge denied Boliaux's discharge under 11 U.S.C. §§ 727(a)(3), (a)(4), and (a)(5) finding that there was no genuine issue of fact or law that Boliaux was not entitled to receive a discharge. On appeal, Boliaux argues that the order denying his discharge should be reversed because the bankruptcy court: (1) lacked subject matter jurisdiction to deny his discharge; (2) violated his due process rights; and (3) violated statutory procedure.

#### 1. Subject Matter Jurisdiction

Boliaux submits that the bankruptcy court did not have subject matter jurisdiction and thus its order denying his discharge is void. That argument fails. The bankruptcy court had jurisdiction over discharge adversary proceedings under 28 U.S.C. §1334(b) and § 157(b)(2). See *Cent. Virginia Cmty. College v. Katz*, 546 U.S. 356, 364 (2006) ("critical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, or her, or it from further liability for old debts"); *Zerand-Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir. 1994) (noting that a bankruptcy court's jurisdiction arises under § 157 and § 1334).

#### 2. Due Process

Boliaux next argues that his due process rights were violated when: (1) he was denied the right to be represented by counsel; (2) he was not notified of AFC's motion for summary judgment on its adversary claims; and (3) he was prevented from obtaining discovery from AFC.

Boliaux's first due process contention fails because civil litigants do not have a constitutional right to counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Moreover, Boliaux was represented by counsel at the outset of the bankruptcy proceedings, but when his second counsel withdrew—with Boliaux's consent—the bankruptcy court explained that it was not willing to further delay proceedings so that Boliaux could find a new lawyer and that he must either act quickly to find a replacement or represent himself. Proceeding in that fashion was not a deprivation of due process.

Boliaux's claim that he was not notified of AFC's motion for summary judgment also lacks merit. After AFC filed its motion, the court set a briefing schedule and gave Boliaux an extension to respond. Boliaux later filed a response to AFC's motion. Regardless of the effectiveness of his response, he cannot now claim that he was not notified.

Boliaux's assertion that he was prevented from obtaining discovery also fails. Boliaux has only himself to blame for his inability to obtain discovery. He failed to follow procedure for noticing up motions and filed improper motions to compel. Bankr. 09-1196, Doc 141. The bankruptcy court's unwillingness to tolerate Boliaux's abuse of the system does not amount to a denial of due process.

### 3. Statutory Procedure

Boliaux appears to argue that the bankruptcy court did not follow statutory procedure because it failed to grant him twenty-one days to obtain new counsel, it considered a motion for summary judgment that did not comply with Rule 7056-1, and it denied his discharge. With regard to the amount of time for obtaining counsel, Boliaux is mistaken. Boliaux discusses a state statute—not a federal one—that has no bearing on his federal bankruptcy proceeding. Boliaux also seems to argue that the parties did not comply with Rule 7056-1, requiring a

statement of material facts as to which the moving party contests there is no genuine issue to be tried. But the record shows that AMC did file a statement of facts. See Bankr. 09-1215, Doc 85.

Finally, Boliaux implies that the bankruptcy court did not follow statutory procedure because it denied his discharge. The bankruptcy court found that Boliaux (1) failed to keep or preserve records which would reveal his true financial condition and/or business transactions—in violation of § 727(a)(3); (2) made false oaths or accounts in connection with his bankruptcy case—in violation of § 727(a)(4); and (3) failed to explain his alleged loss of assets—in violation of § 727(a)(5).

The Court notes that Boliaux failed to respond to AFC's and MAFS's factual assertions and evidentiary support for them, and thus AFC's and MAFS's factual statements were properly admitted and considered under Local Rule 7056-2(B). The bankruptcy court and this Court also are permitted to draw an adverse inference against Boliaux based on his refusal to testify in response to probative evidence offered against him. *Mitchell v. U.S.,* 526 U.S. 314, 328 (1999). Here, the array of facts marshaled against Boliaux is staggering and his brief raises no legitimate legal or factual arguments calling into question the bankruptcy judge's decision to deny his discharge. Moreover, the "fresh start" policy of the Bankruptcy Code is limited to the honest but unfortunate debtor. *In re Garner*, 498 U.S. 279, 286-87 (1991). In light of the abundance of damaging facts, this policy does not apply to Boliaux's present circumstances. In sum, the bankruptcy court correctly held that Boliaux is not entitled to a discharge under §§ 727(a)(3-5).

## III. Conclusion

For the foregoing reasons, the bankruptcy court's final orders and judgment are affirmed.

Dated:  September 30, 2011  _____
Robert M. Dow, Jr.
United States District Judge